UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MANUEL ANTHONY HENDERSON,<br><br>                                           Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                                           Defendant. | Case No.:  20cv911-BAS-LL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |
|---|---|

On May 15, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. In this action, Plaintiff is seeking review and reversal of the final decision of the Commissioner of Social Security ("Commissioner") that denied Plaintiff's claim for disability benefits and supplemental security income. ECF No. 1. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a
///

statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff submitted an affidavit indicating that his sole source of income is from public assistance for $529 per month. ECF No. 2 at 2. Plaintiff avers that he is unemployed and unable to work as a result of his physical disability. Id. at 5. Plaintiff's application states that his monthly expenses are $337 for rent and $192 for food. Id. at 4–5. Plaintiff represents that he owns one asset—a car—worth $300. Id. at 3. Based on the above, the Court concludes that Plaintiff's application demonstrates he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In Social Security appeals, judges in this circuit have found that a complaint challenging the denial of benefits must contain the following basic requirements to satisfy the Court's screening:

> First, the plaintiff must establish that he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides.

Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Montoya v. Colvin, No. 216CV00454RFBNJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016).

Here, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for disability benefits and supplemental security income. ECF No. 1. However, Plaintiff fails to state when he became disabled and the nature of his disability, stating only that Plaintiff "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." Id. at 2. As set forth above, this omission renders the complaint insufficient to survive the *sua sponte* screening required by 28 U.S.C. § 1915(e)(2). See Montoya v. Colvin, 2016 WL 890922, at *2. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. Plaintiff **MAY FILE** an amended complaint on or before **August 17, 2020**. Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.

**IT IS SO ORDERED**.

Dated: July 15, 2020

Honorable Linda Lopez
United States Magistrate Judge